UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-CR-432-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES GILBERT MURPHY | **MOTION FOR REVIEW OF ORDER OF DETENTION PENDING SENTENCING** |

NOW COMES DEFENDANT Charles Gilbert Murphy, through undersigned counsel, and pursuant to 18 USC §3145, moves this Court for an order permitting him to be released to home detention with electronic monitoring pending sentencing in this matter, in light of the unique circumstances arising from the continuing and worsening COVID-19 pandemic. In support of this Motion, Defendant shows the Court the following:

1. On 17 October 2019, Defendant was indicted in this matter and charged with numerous fraud-related offenses.

2. On 22 October 2019, an initial appearance was held in this matter, wherein the Government requested detention. Undersigned counsel was appointed to represent Defendant on that date.

3. On 28 October 2019, a detention hearing was held before the Honorable Robert T. Numbers II, United States Magistrate Judge. Judge Numbers ordered that Defendant be detained in custody pending trial.

4. On 27 February 2020, Defendant pled guilty before the Honorable Robert B. Jones, Jr., United States Magistrate Judge, pursuant to a written plea agreement to one count of wire fraud in violation of 18 USC §1343 and one count of aggravated identity theft in violation of 18 USC §1028A. Defendant's detention was continued pending sentencing, and Defendant at that time did not object to same.

5. Since that date, Defendant has been held at the Albemarle District Jail in Elizabeth City, NC.

6. Sentencing was originally scheduled for the 8 June 2020 term of court. In the interim, the COVID-19 pandemic began in March 2020.

7. On 8 May 2020, the Court entered a text order inquiring of the parties as to consent to videoconference proceedings at sentencing, in light of the pandemic. Undersigned counsel contacted counsel for the Government regarding the issue, and counsel for the Government informed undersigned counsel that the Government intended to have victims in court to present allocution and therefore that the Government desired to hold the sentencing hearing in person. Given that issue, Defendant did not seek to have his sentencing held by video at that point. Of course, at that point neither the parties nor the Court could foresee the length or severity of the COVID-19 pandemic.

8. On 19 May 2020, the Court reset Defendant's sentencing hearing for the 2 November 2020 term of court.

9. On 20 October 2020, the Court *sua sponte* reset Defendant's sentencing hearing for 9 March 2021 term of court, in light of the Court's trial schedule.

10. Defendant has been detained pending sentencing in the Albemarle District Jail. Given that the Court has now continued Defendant's sentencing hearing to March 2021, Defendant respectfully requests that the Court enter an order permitting him to be released to home detention pending sentencing, to live with his wife in Raleigh, NC. Defendant makes this request for several reasons.

11. First, Defendant is a "vulnerable individual" pursuant to this Court's 18 June 2020 Standing Order, as he is especially susceptible to the dangers of COVID-19. Defendant is 64 years old, with a history of high blood pressure. Defendant's high blood pressure has worsened since his incarceration on these charges, such that he has regularly had readings of 160+ diastolic pressure at ADJ as well as other jails where he has been held. Studies have shown that persons with high blood pressure have a heightened risk of death from COVID-19 as compared to persons without that condition. *See* "High Blood Pressure Linked to Increased Risk of Dying From COVID-19", European Society of Cardiology, 6/5/2020 (available at https://www.escardio.org/The-ESC/Press-Office/Press-releases/High-blood-pressure-linked-to-increased-risk-of-dying-from-COVID-19 ).

12. Second, the conditions at ADJ are such that they heighten the risk to Defendant of contracting COVID-19 in the facility. Defendant reports the following conditions at ADJ relevant to this issue:

> (a) No masks are provided to inmates at ADJ, and inmates at ADJ are not permitted to wear masks. Given that masks are widely considered to be one of the most effective means of preventing

transmission of COVID-19, the inability of Defendant to protect himself by wearing a mask, and having those around him wear one, is dangerous.

(b) Defendant is housed in a manner that social distancing is impossible. Defendant is housed in a "pod" with numerous other inmates where distancing is impossible.

(c) Minimal cleaning supplies are available to Defendant and the other inmates at ADJ to clean their living areas. Defendant reports that one small bottle of spray cleaner is available to the entire pod which is often empty before Defendant (and others) can use it at all. No cleaning supplies are available to inmates to sanitize railings, door handles, or water faucets subject to common use. No manner is provided for an inmate to sanitize their sleeping mat.

(d) Defendant reports that for approximately the last month, there has been no hot water in the "pod" wherein he is incarcerated, further making it impossible to clean and disinfect his living area.

(e) Because ADJ is a county facility, there are numerous misdemeanor arrestees coming in and out of the facility on a daily basis, often bonding out after being in a pod for a few days. New inmates come into the pod on an almost daily basis.

Defendant is not aware if there is any "quarantine" procedure for new inmates at ADJ, and believes there is none, based on what he has seen and heard. The transient nature of this population within the detention facility necessarily increases the risk to the inmate population of a COVID-19-positive individual coming into the jail, and Defendant being exposed to same with no way to protect himself.

It is clear from the events occurring since the pandemic began that jails and prisons, in general, are locations that are highly conducive to the spread of COVID-19. Numerous press accounts have described the large outbreaks that have occurred within numerous prisons and jails throughout the country. *See, e.g.* "They Were Freed From an NC Prison -- But They Couldn't Escape COVID-19," <u>Raleigh News and Observer</u>, 10 July 2020 (describing COVID-19 outbreak at federal prison facility at Butner, NC) (available at https://www.newsobserver.com/news/coronavirus/article244131227.html ) .

13. Given the dangers to Defendant arising from these conditions, Defendant respectfully requests that he be released to home detention with electronic monitoring pending sentencing, to live with his wife in Raleigh, NC. Given the growing severity of the COVID-19 pandemic, and the unavoidable nature of the conditions at ADJ, Defendant respectfully requests that the Court consider his status as an individual especially vulnerable to serious complications from

COVID-19 and grant him release under conditions of home detention with electronic monitoring.

14. Defendant raises this issue now for several reasons. First, when Defendant's sentencing was originally continued to the November 2020 term of court on 19 May 2020, it appeared that the pandemic was improving and abating, which it did during the summer months. Accordingly, Defendant did not seek any relief from his conditions of incarceration at that time. However, the recent continuance by the Court of Defendant's sentencing to the March 2021 term of court has coincided with a very rapid worsening of the pandemic in North Carolina, and elsewhere in the United States. This rapid worsening of the pandemic, in combination with the conditions of incarceration at ADJ, now creates a substantial risk to Defendant of contracting COVID-19. As noted above, Defendant is at high risk for serious complications from COVID-19, given his age and history of high blood pressure.

15. Current statistics show that the weekly number of persons testing positive for COVID-19 in North Carolina (and the vast majority of other states) is at its highest rate since the pandemic began in March 2020, and is increasing every week. *See, e.g.* "Weekly U.S. Infections Surpass One Million," <u>Wall Street Journal</u>, 11/16/2020 (available at https://www.wsj.com/livecoverage/covid-2020-11-16 ). All indications are that the pandemic will continue to worsen through the winter months.

16.     The objectives of the detention statute at 18 USC §3143 -- risk of flight and risk of danger to the community -- can be addressed in this case through release conditions of home detention with electronic monitoring.  Defendant is of course willing to be subject to any other conditions of release that the Court may deem necessary.  Defendant is eligible for release pending sentencing under 18 USC §3143 upon a finding by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other persons or the community if released under section 3142(b) or (c)."  Defendant respectfully submits that release conditions of home detention with electronic monitoring meet this standard -- especially here where Defendant has already pled guilty pursuant to a written plea agreement and accepted responsibility for his conduct.

17.     Given the recent change in conditions since entry of his guilty plea on 27 February 2020 -- specifically the rapidly worsening of the pandemic and the unavoidable conditions at ADJ relating to that pandemic -- Defendant respectfully requests that release be granted.

18.     Undersigned counsel emailed AUSA William Gilmore, the prosecutor in this matter, on 16 November 2020 inquiring as the Government's position as to this Motion.  To date, no response has been received.

WHEREFORE, Defendant respectfully requests that this Motion be granted, and the Court enter an order that Defendant be released on home detention with electronic monitoring to live with his wife in Raleigh, NC pending sentencing in this matter.

This the 18th day of November, 2020.

                                **GAMMON, HOWARD & ZESZOTARSKI, PLLC**

                                /s/   Joseph E. Zeszotarski, Jr.
                                Joseph E. Zeszotarski, Jr.
                                State Bar No. 21310
                                115 ½ West Morgan Street
                                Raleigh, NC  27601
                                (919) 521-5878
                                Fax:  (919) 882-1898
                                jzeszotarski@ghz-law.com
                                Counsel for Defendant

CERTIFICATE OF SERVICE

     I hereby certify that I have this day served a copy of the foregoing MOTION through the court's electronic filing system, as follows:

William Gilmore
Assistant United States Attorney
William.Gilmore@usdoj.gov

This the 18th day of November, 2020.

                                /s/   Joseph E. Zeszotarski, Jr.
                                Counsel for Defendant